# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COLLIN EHLEITER,

        Plaintiff,

v.

GOODWHEEL LLC,

        Defendant.

Case No. 25-CV-212-JPS

**ORDER**

### 1. INTRODUCTION

In February 2025, Plaintiff Collin Ehleiter ("Plaintiff") sued Defendant Goodwheel LLC ("Defendant") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and the Wisconsin Wage Payment and Collection Laws ("WWPCL"), Wis. Stat. Chap. 109. ECF No. 1.

Defendant was served but failed to timely appear and respond. ECF No. 6; Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff requested entry of default, ECF No. 7, and the Clerk of Court entered default against Defendant accordingly, Apr. 2, 2025 docket entry. Now before the Court is Plaintiff's motion for default judgment. ECF No. 10. Defendant was served with but did not respond to Plaintiff's motion. ECF Nos. 12, 13. It is accordingly ripe for the Court's consideration. For the reasons discussed herein, the Court will grant the motion and order entry of default judgment against Defendant in the amount of $918.75 for back wages and liquidated damages under the WWPCL plus $6,920.00 in attorneys' fees.

2. **FACTS**[1]

In approximately November 2023, Defendant—a business entity engaged in commerce in Racine, Wisconsin—hired Plaintiff as an hourly-paid, non-exempt service technician. In this role, Plaintiff's workweek was Monday through Sunday, and his regular rate of pay was $17.50 per hour. He performed on Defendant's behalf, for Defendant's benefit, and at Defendant's direction. Defendant supervised Plaintiff's day-to-day activities, established his work schedule, provided his work assignments, and established the terms and conditions by which Plaintiff abided in the workplace. Defendant also oversaw, managed, and adjudicated Plaintiff's employee-related questions and workplace issues. During the relevant period, Defendant had more than two employees and had an annual dollar volume of sales or business exceeding $500,000.

In approximately July 2024, Plaintiff's employment with Defendant ended. To date, Defendant has not compensated Plaintiff for the approximately 35 hours that he worked from July 1 to 7, 2024. *See* ECF No. 15 at 1. Over the course of the following months, Plaintiff repeatedly contacted Defendant seeking compensation for his hours worked, but Defendant either failed to respond or merely asserted that Plaintiff's check "was or w[ould] be mailed."

---

[1]Facts relevant to this Order are drawn from the complaint, ECF No. 1. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (noting that, for purposes of default judgment, court must accept complaint's factual allegations as true, except those relating to damages (citing Fed. R. Civ. P. 8(b)(6) and *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 725 (7th Cir. 2020))). Citations thereto are omitted for brevity. The Court also cites to and relies on Plaintiff's declaration and exhibit thereto, ECF Nos. 15 and 15-1, to the extent that they are consistent with his complaint.

### 3. LAW AND ANALYSIS

#### 3.1 Jurisdiction

"Before the court can consider entering judgment, . . . it must be satisfied that subject matter jurisdiction exists over this lawsuit." *Abele v. Abele*, No. 21-cv-370-wmc, 2021 U.S. Dist. LEXIS 140621, at *2 (W.D. Wis. July 28, 2021) (citing *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.")). The Court is satisfied that it has subject matter jurisdiction. Plaintiff invokes 28 U.S.C. § 1331 "because this case involves a federal question under the [FLSA]." ECF No. 1 at 1. Plaintiff also invokes 28 U.S.C. § 1367 for supplemental jurisdiction over his WWPCL claim. *Id.* ("[T]hese claims are so related . . . that they form part of the same case or controversy . . . .").

The Court is also satisfied that it has personal jurisdiction over Defendant. *See e360 Insight v. Spamhouse Project*, 500 F.3d 594, 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void . . . ." (collecting cases)). Defendant is a limited liability company doing business in Wisconsin, with a principal office in Wisconsin, and with a registered agent in Wisconsin. ECF No. 1 at 2; *see also Corporate Records*, STATE OF WIS. DEP'T OF FIN. INSTS. [https://perma.cc/SKQ5-QHAC] (last visited June 12, 2025); *Duncanson v. Wine & Canvas IP Holdings LLC*, No. 1:16-cv-00788-SEB-DML, 2017 U.S. Dist. LEXIS 221763, at *5 (S.D. Ind. Apr. 20, 2017) (noting that "the Supreme Court in *Daimler* [*AG v. Bauman*, 571 U.S. 117 (2014)] suggested that an LLC's state of formation and principal place of business are the salient inquiries in determining where an LLC is subject to general personal jurisdiction").

For all these reasons, the Court is satisfied that it has the requisite forms of jurisdiction over this matter.

**3.2 Liability**

"Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Quincy Bioscience, LLC v. Bryk Enter., LLC*, No. 22-cv-658-jdp, 2023 U.S. Dist. LEXIS 65712, at *8 (W.D. Wis. Apr. 13, 2023) (quoting 10A FED. PRAC. & PROC. CIV. § 2688.1 (4th ed.)); *Arwa Chiropractic*, 961 F.3d at 948. The Court accordingly proceeds to analyze whether the facts detailed *supra* Section 2 suffice to establish Defendant's liability under the FLSA and the WWPCL.

**3.2.1 FLSA**

The Court begins with analyzing whether Defendant is, as Plaintiff alleges in the complaint, an "employer" under the FLSA such that it may be deemed liable under that Act. ECF No. 1 at 2. The question of whether a party is an "employer" under the FLSA is a question of law. *Karr v. Strong Detective Agency, Inc., a Div. of Kane Servs.*, 787 F.2d 1205, 1206–07 (7th Cir. 1986) (citing *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983)). "The FLSA defines 'employer' . . . to include 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001) (quoting 29 U.S.C. § 203(d) and collecting cases). "The word 'employer' is defined broadly under the FLSA to fulfill Congress's remedial intent." *Arteaga v. Lynch*, No. 10 C 1444, 2013 U.S. Dist. LEXIS 138238, at *36–37 (N.D. Ill. Sept. 26, 2013) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) and *Bastian v. Apartment Inv. & Mgmt. Co.*, No. 07 C 2069, 2008 U.S. Dist. LEXIS 84280 (N.D. Ill. Oct. 21, 2008)). Given Plaintiff's allegations regarding

Defendant's oversight, direction, and management of Plaintiff, the Court is satisfied that it constitutes an "employer" under the FLSA.

Plaintiff alleges that Defendant violated the FLSA's minimum wage requirements. ECF No. 1 at 6–7. Section 206 of the FLSA provides that "[e]very employer shall pay to each of his employees who . . . is employed in an enterprise engaged in commerce" a minimum wage of $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). Section 215 provides that it is unlawful to "violate any of the provisions of [S]ection 206" of the FLSA. 29 U.S.C. § 215(a)(2).

Plaintiff alleges that Defendant failed to pay him for any of his approximately 35 hours worked on July 1–7, 2024, thereby "failing to compensate [him] with an effective hourly rate of at least $7.25 per hour" for that period. ECF No. 1 at 7; ECF No. 15 at 1. The Court is satisfied that Plaintiff has established Defendant's liability under Sections 206 and 215 of the FLSA. *See Cline v. FitzMark Chi., Inc.*, No. 21 CV 04253, 2023 U.S. Dist. LEXIS 54998, at *9 (N.D. Ill. Mar. 30, 2023) ("An allegation that an employer failed to pay any wages necessarily includes a claim that the employer failed to pay minimum wages as required by the FLSA." (citing *Conley v. Team Info Age*, No. 03 C 0639, 2004 U.S. Dist. LEXIS 1007 (N.D. Ill. Jan. 28, 2004))).

### 3.2.2 WWPCL

The Court next turns to Plaintiff's claim under the WWPCL. The Court again begins by determining whether Defendant is, as Plaintiff alleges, ECF No. 1 at 2, an "employer" under the WWPCL. "The WWPCL broadly defines 'employer' to include 'any person engaged in any activity, enterprise or business employing one or more persons within the state . . . .'" *Salzmann v. Wergin*, No. 22-C-894, 2025 U.S. Dist. LEXIS 26934, at *3–4 (E.D. Wis. Feb. 14, 2025) (quoting Wis. Stat. § 109.01(2)). Defendant is a business

Page 5 of 12
Case 2:25-cv-00212-JPS    Filed 07/14/25    Page 5 of 12    Document 17

engaged in commerce in Wisconsin and employs at least two people. ECF No. 1 at 2. The Court is therefore satisfied that it is an "employer" for purposes of the WWPCL.

Plaintiff alleges that Defendant violated the WWPCL by failing to timely pay him his agreed-upon wages. ECF No. 1 at 8–9; ECF No. 11 at 6–7.[2] The WWPCL provides that every employer shall pay, "as often as monthly," "all wages earned by the employee." Wis. Stat. § 109.03(1). As discussed *supra* Section 3.2.1, Plaintiff has established for purposes of default judgment that Defendant failed to pay him his wages owed for approximately 35 hours of work, and he has pleaded that his agreed-upon wage was $17.50 per hour. As with his FLSA claim, Plaintiff has established Defendant's liability under the WWPCL for failure to pay agreed-upon wages.

### 3.3    Relief

Having concluded that Plaintiff has established Defendant's liability under the FLSA and WWPCL, the Court turns to the matter of relief sought. A default judgment movant bears the responsibility to prove its damages under Federal Rule of Civil Procedure 55(b)(2). *See Wehrs v. Wells*, 688 F.3d

---

[2] In his complaint, Plaintiff purports to state two separate claims under the WWPCL—one for minimum wages and one for failure to pay an agreed-upon wage. ECF No. 1 at 8–9. But the WWPCL does not have a minimum wage provision distinct from its general requirement that employers shall pay employees "all wages earned." Wis. Stat. § 109.03(1). Chapter Four of the Wisconsin Statutes does, but Plaintiff has not clearly asserted liability under that statute (in his complaint, he refers only to its definitions section, ECF No. 1 at 8). *See* Wis. Stat. § 104.02 ("Minimum wage: requirement to pay."); *see also generally Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656 (7th Cir. 2022) (acknowledging a state law claim for failure to pay minimum wage under Wis. Stat. § 104.02). The Court accordingly addresses just a single claim under the WWPCL—for failure to timely pay Plaintiff his agreed upon wages.

886, 892 (7th Cir. 2012) (quoting *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990)). Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry "to ascertain the amount of damages with reasonable certainty." *e360 Insight*, 500 F.3d at 602 (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal bracketing omitted)). "[J]udgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff seeks to recover back wages and liquidated damages.[3] The Court begins with Plaintiff's request for back wages. Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of [S]ection 206 . . . shall be liable . . . in the amount of . . . unpaid minimum wages . . . ." 29 U.S.C. § 216(b). Similarly, the WWPCL entitles Plaintiff to "the full amount of the employee's wages due." Wis. Stat. § 109.03(5).

Plaintiff argues that, under the FLSA, he is owed a total of $253.75 in minimum wages for his work during the relevant period. ECF No. 11 at 3 (multiplying 35 hours worked by $7.25 per hour); *see also* ECF No. 15 at 1. Meanwhile, Plaintiff argues that he is owed $612.50 under the WWPCL. ECF No. 11 at 4 (multiplying 35 hours worked by $17.50 per hour).

---

[3] Plaintiff's complaint references injunctive relief, ECF No. 1 at 8–10, but his brief in support of his motion for default judgment does not. The Court accordingly discusses the matter of injunctive relief no further.

The Court next addresses the matter of liquidated damages. The FLSA authorizes the recovery of "additional" liquidated damages in an amount equal to that recoverable in unpaid minimum wages. 29 U.S.C. § 216(b). Meanwhile, the WWPCL provides that the Court may award additional "increased wages of not more than 50 percent of the amount of wages due and unpaid" "[i]n a wage claim action that is commenced by an employee before the [Wisconsin Department of Workforce Development ("DWD")] has completed its investigation." Wis. Stat. § 109.11(2)(a).[4]

"Under [the] FLSA, liquidated damages are mandatory, unless the trial court determines that the employer, while acting in good faith, reasonably believed that its conduct was consistent with the law." *Jackson v. Go-Tane Servs. Inc.*, 56 F. App'x 267, 273 (7th Cir. 2003) (citing 29 U.S.C. § 260). Meanwhile, under the WWPCL, the Court is not required to impose liquidated damages as a penalty but may "do so in the exercise of its discretion." *Ellis v. Whitewater Auto Inc.*, No. 20-CV-37, 2023 U.S. Dist. LEXIS 20115, at *17 (E.D. Wis. Feb. 7, 2023) (quoting *Lynch v. Crossroads Counseling Ctr., Inc.*, 684 N.W.2d 141, ¶ 31 (Wis. Ct. App. 2004)).

The Court concludes that liquidated damages are appropriate under either theory of recovery. Plaintiff attempted to recover his unpaid wages directly from Defendant repeatedly from July 2024 to September 2024. On each occasion, Defendant either failed to respond or falsely told Plaintiff

---

[4]Plaintiff writes that under this provision, he is entitled to liquidated damages "equal and up to one hundred percent (50%) of the unpaid wages." ECF No. 11 at 4 (citing Wis. Stat. § 109.11(2)(a)). Since Plaintiff cites subsection (2)(a), and since nothing in the record suggests that his wage claim action was "commenced after the [DWD] has completed its investigation," Wis. Stat. § 109.11(2)(b), the Court assumes that it is the 50%, rather than 100%, liquidated damages measure that applies.

that his check "was or will be mailed." ECF No. 1 at 5–6. The Court cannot, therefore, conclude that Defendant was acting in good faith. And by failing to appear to defend against this action, Defendant forfeited the opportunity to argue that it acted in good faith. *See Jackson*, 56 F. App'x at 273 (noting that the employer "bears a *substantial burden* in showing that it acted reasonably and with good faith" (emphasis in original) (quoting *Bankston v. State of Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995))). Plaintiff is accordingly entitled to recover liquidated damages.

However, Plaintiff is not entitled to recover under both the FLSA and the WWPCL for the wages that he was not paid and the associated liquidated damages. *See Turentine v. Am. Global Mgmt.*, No. 1:19-cv-01753-JPH-DLP, 2020 U.S. Dist. LEXIS 17624, at *6 (S.D. Ind. Feb. 4, 2020) (rejecting the plaintiff's request to "recover under both the FLSA and Indiana Wage Payment Statute for the hours he worked but was not paid" since a "plaintiff may not win a double recovery for the same injury, even if multiple theories support [the] damages award" (quoting *Murphy v. Smith*, 864 F.3d 583, 587 n.1 (7th Cir. 2017))); *Choua Yang v. Arora Hosp. LLC*, 2024 U.S. Dist. LEXIS 35015, at *19–20 (E.D. Wis. Feb. 29, 2024) (citing *Turentine*, 2020 U.S. Dist. LEXIS 17624, at *6 and *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026, 1031 (E.D. Wis. 2008)). In such a case, courts typically authorize plaintiffs to recover under the legal theory that affords them the greatest recovery. *See Yang*, 2024 U.S. Dist. LEXIS 35015, at *20; *Wendt v. Trifecta Sols. LLC*, No. 23-CV-1415-JPS, 2024 U.S. Dist. LEXIS 113295, at *30 (E.D. Wis. June 27, 2024) (same) (citing *Triblett v. Arora*, No. 23-CV-993-JPS, 2024 U.S. Dist. LEXIS 35016, at *8–9 (E.D. Wis. Feb. 29, 2024); *Jones v. Bos-Star Inc.*, No. 1:19-CV-271-HAB, 2020 U.S. Dist. LEXIS 8354, at

*8 (N.D. Ind. Jan. 17, 2020); and *Villanueva v. Falcon Constr. Co.,* No. 2:09-CV-107-PPS-PRC, 2010 U.S. Dist. LEXIS 39170, at *14 (N.D. Ind. Apr. 14, 2010)).

Under the FLSA, Plaintiff would be entitled to $507.50 ($253.75 in back wages and $253.75 in liquidated damages). Under the WWPCL, Plaintiff would be entitled to $918.75 ($612.50 in back wages and $306.25 in liquidated damages).[5] The greatest measure of recovery is through Plaintiff's agreed upon wages claim under the WWPCL. The Court will accordingly award Plaintiff $918.75 in damages. *See Villanueva*, 2010 U.S. Dist. LEXIS 39170, at *14 (comparing the plaintiff's recovery "under the FLSA" and "under [the Indiana Wage Payment Statute]" and finding the defendant liable to the plaintiff "for only the greater of these two amounts").

4.   **ATTORNEY'S FEES**

Plaintiff also seeks to recover reasonable attorney's fees and costs. ECF No. 11 at 4. A prevailing plaintiff is entitled to recover reasonable attorney's fees and costs under the FLSA. 29 U.S.C. § 216(b). The same is true under the WWPCL. Wis. Stat. § 109.03(6); *Jacobson v. Am. Tool Cos., Inc.*, 588 N.W.2d 67, 69 (Wis. Ct. App. 1998). "A district court calculates attorney's fees using the 'lodestar' method: 'the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate.'" *Salzmann*, 2025 U.S. Dist. LEXIS 26934, at *5 (quoting *Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs*, 553 F.3d 487, 489 (7th Cir. 2009) and citing *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)).

---

[5]Because these amounts are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," the Court need not hold a hearing on damages. *e360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co.*, 722 F.3d at 1323).

Attorney Dalton D. Sjong represents that he billed 16.0 hours in this case at a rate of $325.00 per hour, totaling $5,200.00 in fees. ECF No. 11-1. Attorney Matthew J. Tobin represents that he billed 4.3 hours in this case at a rate of $400.00 per hour, totaling $1,720.00. ECF No. 11-2. Having reviewed the attorneys' submissions, the Court is satisfied that the request for attorney's fees appears reasonable. It will accordingly order Defendant to pay a total of $6,920.00 in attorney's fees.

5. **CONCLUSION**

In light of the foregoing, the Court will grant Plaintiff's motion for default judgment, ECF No. 10, and will enter default judgment in favor of Plaintiff in the total amount of $7,838.75, which consists of $918.75 in damages ($612.50 in back wages and $306.25 in liquidated damages under the WWPCL) and $6,920.00 in Plaintiff's attorneys' fees.[6]

Accordingly,

**IT IS ORDERED** that Plaintiff Collin Ehleiter's motion for default judgment, ECF No. 10, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Goodwheel LLC pay to Plaintiff Collin Ehleiter $918.75 in damages ($612.50 in back wages and $306.25 in liquidated damages under the WWPCL) and $6,920.00 in attorneys' fees, for a total amount of $7,838.75, together with costs as may be taxed by the Clerk of Court; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

---

[6] Plaintiff also seeks to recover costs in the amount of $475. ECF No. 11 at 4. However, Plaintiff does not describe how he reached that figure or what it consists of, so the Court will not award costs at this juncture. Should Plaintiff still wish to recover costs, he may file a bill of costs with the Clerk of Court.

The Clerk of Court is directed to enter default judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge